Argued May 18, reversed October 22, 1979

SCHWEITZ,
*Respondent,*
*v.*
SOUTHWESTERN INSURANCE CO.,
*Appellant.*

(No. 21794, CA 10796)

601 P2d 878

David R. Bangsund, Portland, argued the cause for appellant. With him on the briefs was Reiter, Bricker, Zakovics & Querin, P.C., Portland.

Gerald A. Martin, Bend, argued the cause for respondent. With him on the brief was Gray, Francher, Holmes & Hurley, Bend.

Before Schwab, Chief Judge, and Tanzer, Richardson, Roberts, Judges, and Peterson, Judge Pro Tempore.

ROBERTS, J.

## ROBERTS, J.

Plaintiff brought this action against defendant insurance company (Southwestern) to recover for damage to a truck when it was involved in a collision. Southwestern appeals from a judgment for plaintiff and assigns as error the denial of its motion for a nonsuit, the granting of a motion for a directed verdict against Southwestern, the award of attorney fees as part of plaintiff's costs, and the award of prejudgment interest.

On May 2, 1975, plaintiff purchased an insurance policy from defendant's agent (Welker) which covered a certain automobile. Prior to April 27, 1976, Southwestern sent plaintiff a notice that the premium payment for coverage was due on or before May 2, 1976. On April 27, 1976, plaintiff purchased a truck. An employe of the company that sold plaintiff the truck contacted Welker's office to secure insurance coverage on the truck and to request that the U.S. National Bank be shown as the loss-payee on the policy. In a memo dated April 27, 1976, Welker notified Southwestern of the change of coverage from the car that had previously been covered to the new truck. On the same date Welker sent an "Auto Insurance Binder" to the U.S. National Bank as lienholder, which informed the bank that plaintiff had secured collision insurance on the truck and the amounts of coverage, and stated "Please accept this as 30 day binder." On May 23, 1976, the truck was damaged in a collision. Southwestern refused to pay plaintiff, arguing that the act of Welker on April 27, 1976, was an amendment to the old policy and since plaintiff had not paid the premium that was due on May 2, 1976, he was not covered.

On these facts plaintiff's amended complaint alleged as a cause of action against Welker that, inter alia, "* * * plaintiff and defendant * * * agreed to procure collision coverage on plaintiff's 1976 pickup. On or about that date, defendant issued a binder to plaintiff's bank indicating full collision coverage with

[811]

Southwestern Insurance Company." The complaint further alleges that "[d]efendant failed to procure insurance or to inform plaintiff of its failure to procure insurance * * *." Welker's answer admits he obtained an insurance change on plaintiff's insurance policy with Southwestern and raises as an affirmative defense the following. "Any property damage sustained by plaintiff was the direct result of his own fault in failing to pay his insurance policy premiums to Southwestern * * * when due." The court granted a directed verdict in favor of Welker on this cause of action, and plaintiff does not cross-appeal from the judgment entered on that verdict.

Plaintiff's cause of action against Southwestern states "* * * in the event proof on trial should establish that coverage was accepted by Southwestern * * * plaintiff alleges: * * * On or about May 2, 1975, defendant issued its insurance policy covering the plaintiff's automobile." And, "[o]n or about April 27, 1976, defendant through [Welker] * * * issued a vehicle endorsement change on plaintiff's insurance policy changing the vehicle insured to a 1976 Chevrolet pickup truck and adding collision coverage." Southwestern's answer denied an endorsement change and alleged as an affirmative defense that "[t]he policy of insurance issued to plaintiff by this defendant lapsed on May 2, 1976, due to plaintiff's failure to pay premiums," that plaintiff at no time had tendered payment, and that a renewal notice was timely sent. On this cause of action the court granted a directed verdict in favor of plaintiff from which Southwestern appeals.[1] We reverse.

Plaintiff testified that the insurance on his old car was for liability only with no collision coverage; that he knew his insurance premium would be more expen-

---

[1] The cross-complaints raised Welker's claim against Southwestern for failure to provide insurance to plaintiff which resulted in a directed verdict for Southwestern, and Southwestern's claim against Welker for exceeding his authority in issuing a binder to the bank for 30 days instead of 10 days. The latter was the only question presented to the jury, which returned a verdict for Welker. Neither of these issues is raised on appeal.

sive; and that he expected to be billed for the new coverage. Welker testified that he followed his usual practice in notifying the bank of the binder and that it was Southwestern's practice to notify the bank in the event of a policy cancellation and to give the bank 10 days to make other arrangements. Southwestern put in evidence a notice of lapse of plaintiff's policy effective May 2, 1976.

At the close of plaintiff's case Southwestern moved for a nonsuit on the basis that, inter alia, "* * * as I read the pleading, this isn't a claim on a binder, it's a claim on that contract. * * *" The colloquy between the court and the three attorneys indicates that there was considerable confusion as to what evidence was applicable to each defendant, Welker and Southwestern, and what evidence was applicable to the allegations in the cross-complaints between Welker and Southwestern. Here, however, we consider only those allegations in the pleadings as to Southwestern and the proof presented at trial as to those allegations.

Plaintiff's pleadings as to Southwestern are sufficient to withstand a demurrer, but the facts proved do not support the allegations of the plaintiff's complaint against Southwestern. Plaintiff has proved, if anything, coverage under a binder of insurance. But no allegations concerning a binder appears in the plaintiff's complaint as to defendant Southwestern.

Under these circumstances plaintiff cannot prevail and the motion for nonsuit should have been granted. Because of our disposition of the case we do not reach the other assignments of error.

Reversed.